Joseph A. Mazur, J.
The defendant was arrested on April 8, 1974, and charged with the crimes of attempted rape and assault in the third degree. At the preliminary hearing held on May 1, 1974, the charge of attempted rape was dismissed with the consent of the People.
The defendant now brings two motions before this court on the issue of his identification. The first asks, in the alternative, for either the dismissal of the complaint or an order for a blank lineup, a lineup in which the defendant is not present in the first array. The second motion calls, for a suppression hearing to determine if potential identification testimony by the complainant should be suppressed on the grounds that it has been irreparably tainted by an unconstitutional prior identification.
On March 14, 1974, at about 3:00 a.m., the complainant, one Gerri Leigh, wasi allegedly attacked and beaten while leaving 'her car in front of her parents’ home at 2761 Wilson Avenue, Bronx, Few York. The following day Miss Leigh went to the 48th precinct house and looked at photographs for six hours without making an identification. Subsequently, on three or four occasions pictures were brought to Miss Leigh at her home, and on the final visit she made an identification of the defendant. Based on this photo identification the police requested that the defendant come to the precinct house. Upon his arrival, he was exhibited, alone, to the complainant, and she identified him as her assailant.
Defendant’s motion for a hearing on the issue of the possible taint on identification testimony is granted, and evidence of the identification at the showup is suppressed. Absent exigent circumstances, the use of the showup identification procedure has *909 been widely condemned. (Stovall v. Denno, 388 U. S. 293; People v. Oakley, 28 N Y 2d 309; People v. Alston, 27 N Y 2d 822; People v. Hanley, 27 N Y 2d 648; People v. Rahming, 26 N Y 2d 411; People v. Beyer, 25 N Y 2d 833; People v. Damon, 24 N Y 2d 256; People v. Hill 22 N Y 2d 686; People v. Ahmed, 20 N Y 2d 958; People v. Ballott, 20 N Y 2d 600; People v. Brown, 20 N Y 2d 238.) The use of this procedure is unnecessarily suggestive and so conducive to irreparably mistaken identification as to be a denial of due process. (Stovall v. Denno, supra, p. 302; People v. Brown, supra, pp. 243-244.) As the defendant was in custody, and the complainant healthy and available at the time of the identification, the use of a showup cannot be justified by the totality of the circumstances and constitutes a denial of the due process rights of the defendant. The District Attorney concedes that the showup constituted such a denial. At the hearing the People have the burden of proving by clear and convincing evidence that any potential in-court identification will be based on observations of the defendant other than those incident to the showup (United States v. Wade, 388 U. S. 218, 240; Gilbert v. California, 388 U. S. 263, 277; People v. Burwell, 26 N Y 2d 331).
The defendant also moves this court for an order directing a lineup and in particular a ‘ ‘ blank ’ ’ lineup as an aid ip determining the validity of the complainant’s identification. A “ blank ” lineup is one in which the Suspect is not present, to precede the actual lineup. The District Attorney at first consented to this procedure but is now given leave to withdraw this consent.
This court recognizes the importance of lineup procedures. The Supreme Court stated in United States v. Wade (supra, p. 229): “ ‘ Moreover it is a matter of common experience that, once a witness has picked out the accused at the line-up, he is not likely to go back on his word later on, so that.in practice the issue of identity may (in the absence of other relevant evidence) for all practical purposes be determined then and there before the trial. ’ ” Even where there has been no prelineup suggestive conduct, a witness viewing a lineup usually believes that a suspect is within the array. (Nathan A. Sobel, Eye-witness Identification, p. 100.) Logically, the police would not have brought him to the lineup if there were no suspect. The use of a “ blank ” lineup would serve to minimize this inherent suggestiveness by testing the witness’ ability to make no identification in a situation which suggests the presence of a suspect. A sub *910 sequent identification, from a lineup in which the suspect is included, following a failure to identify from a blank lineup, would be strong evidence of independent recollection of the individual identified and of the resistance of the witness to suggestiveness. Further, as the use of this procedure became better known the witness would know that the group he is viewing may or may not contain a suspect, and the' identification would be free from any hint of this inherent suggestiveness. This procedure would be of particular value in certain instances. Where the witness has had a short or obscured original view of the suspect, a “ blank ” lineup would guard against the identification of the lineup participant who most pearly resembles the perpetrator. This is particularly true where the suspect has some unique physical characteristic, such as a scar or beard, on which the witness may be basing the identification. The use of a “ blank ” lineup will test the witness’ memory. In a case where there has been a prelineup photo identification the witness will expect the presence of the photographically identified suspect in the lineup and again may identify the participant who looks most like the photograph. The use of a “ blank ” lineup will also guard against this suggestiveness.
While there may be value in the use of the blank lineup in certain situations, this court feels the granting of this motion is not within the ambit of judicial discretion. While it is the function of this court to insure the defendant due "process of law, this motion calls for approval of a procedure which goes beyond those procedures considered consistent with due process. This court has within its discretion the power to order a lineup (United States v. Ravich, 421 F. 2d 1196); yet the procedure requested by the defense places a greater burden on the People than that mandated by either legislative enactment or judicial precedent. The defendant’s due process rights will be guaranteed by the “ Wade hearing ” and the trial, where the issue of the validity of the identification will be fully tested. An expansion of rights beyond those constitutionally required is a function of the Legislature and not the courts.
The motion for a hearing on identification is granted. The motion for a “ blank lineup ” is denied.